UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARTIN J. FULLER, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>IMPERIAL HOLDINGS, et al.,<br><br>Defendants. | Case No. 11-81184-CIV-MARRA<br>(Consolidated Cases) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO SECURITIES HOLDERS, AND SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Lead Plaintiffs Richard Sauer, Francis Sauer, Stephen Sauer, and Tamara Sauer (collectively, the "Lead Plaintiffs"), and Defendants Imperial Holdings, Inc., Antony Mitchell, Richard O'Connell, Jerome A. Parsley, Jonathan Neuman, David A. Buzen, FBR Capital Markets & Co., JMP Securities LLC, and Wunderlich Securities, Inc. (collectively, the "Defendants") and others have entered into a Settlement Agreement and Agreement of Settlement (the "Settlement Agreement") that would settle all claims made in this Securities Class Action, the terms of which are set forth in the Settlement Agreement; and

1

WHEREAS, Lead Plaintiffs and Defendants have moved, pursuant to Rule 23(e) of the ~~CDE 88~~ Federal Rules of Civil Procedure for an Order preliminarily approving the Settlement in accordance with the terms of the Settlement Agreement and providing for notice to the class; and

WHEREAS, the Court has read and considered the Settlement Agreement and Exhibits thereto, including the proposed: (1) Joint Notice of Proposed Class Action and Derivative Action Settlements, Application of Attorneys' Fees and Expenses, and Settlement Fairness Hearings ("Notice"); (2) Summary Notice of Proposed Settlement of Class Action and Derivative Action and Settlement Hearings (the "Publication Notice"); (3) Proof of Claim and Release ("Claim Form"); and (4) the Order and Final Judgment ("Final Judgment"), and has found that substantial and sufficient grounds exist for entering this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

1. The Court, for the purposes of this Order, adopts all defined terms set forth in the Settlement Agreement.

2. The Court finds that: (a) the Settlement Agreement resulted from arm's-length negotiations; and (b) the Settlement is sufficiently fair, reasonable and adequate to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before this Court on Dec 16, 2013, at 9:00 a.m., at the United States District Court for the Southern District of Florida, West Palm Beach Division, 701 Clematis Street, West Palm Beach, Florida 33401, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Class and should be approved by the Court;

2

whether to certify a Settlement Class; whether a Final Judgment as provided in the Stipulation of Settlement should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4. The Court hereby preliminarily certifies the Securities Class Action to proceed as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of those individuals and entities who purchased or otherwise acquired Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012. Excluded from the class are all named defendants and all individuals who were officers and directors of Imperial on or before June 30, 2012, members of the immediate families of each, legal representatives, heirs, successors or assigns of each, and any entity in which any named defendant has or had a controlling interest.

5. The Court approves, as to form and content, the Notice, the Claim Form, and the Publication Notice annexed as Exhibits D, A and F, respectively, to the Settlement Agreement, and finds that the mailing and distribution of the Notice and publishing of the Publication Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and Due Process, Fed. R. Civ. P. 23 and §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. The Court reserves the right to enter its Final Judgment approving the Settlement and dismissing the claims against the Defendants and the other Released Parties with prejudice regardless of whether it has awarded attorneys' fees and litigation expenses.

7. Lead Counsel shall cause the Notice and the Claim Form, substantially in the forms annexed to the Settlement Agreement as Exhibits D and A, to be mailed, by first class mail, postage prepaid, on or before ninety (90) days from the date of the Fairness Hearing, to all Class Members at the address of each such person as set forth in the records of Imperial or its transfer agent, or who otherwise can be identified through reasonable effort. Imperial's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, and the Defendants shall use reasonable efforts to cause or arrange for Imperial's transfer agent to provide to the Settlement Administrator, no later than five (5) Business Days after entry of this Order, records concerning the identity of potential Class Members and their transactions (consisting of shareholder names and addresses), in electronic form. Lead Counsel shall, at least thirty (30) days prior to the Fairness Hearing, file with the Court proof of mailing of the Notice and Claim Form.

8. Lead Counsel shall cause the Publication Notice, substantially in the form annexed to the Settlement Agreement as Exhibit F, to be published once each in the national edition of *Investor's Business Daily* and in the *Miami Herald* on or before eighty (80) days from the date of the Fairness Hearing. Lead Counsel shall, at least thirty (30) days prior to the Fairness Hearing, file with the Court proof of publication of the Publication Notice.

9. On or before eighty (80) days from the date of the Fairness Hearing, Lead Counsel shall publish the Publication Notice on its website.

10. On or before eighty (80) days from the date of the Fairness Hearing, Imperial shall (1) file a form 8-K attaching the Publication Notice and (2) publish the Publication Notice on its website.

11. On or before eighty (80) days from the date of the Fairness Hearing, the Settlement Administrator shall publish the Publication Notice on its website.

12. Nominees who purchased or otherwise acquired Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012, shall send the Notice and the Claim Form to all beneficial owners of such Imperial common stock within fourteen (14) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Settlement Administrator within fourteen (14) days of receipt thereof, in which event the Settlement Administrator shall promptly mail the Notice and the Claim Form to such beneficial owners. The Settlement Administrator shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation. If any such administrative expenses were attributable solely to the administration of the Derivative Settlement, only such costs shall be borne by Imperial.

13. The Court approves the selection of The Garden City Group, Inc. by Lead Counsel as the Settlement Administrator. Lead Counsel may pay from the Settlement Fund, without further approval from the Defendants or further order of the Court, all reasonable Notice and Administration Costs actually incurred. Such costs and expenses shall include, without

limitation, the actual costs of printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, publication of the Publication Notice, the administrative expenses incurred and fees charged by the Settlement Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any to the Escrow Agent.

14. The Notice and Publication Notice that are provided pursuant to paragraphs 7 and 8 above shall be combined with the individual and publication notices that are provided pursuant to the Derivative Action Settlement. Any expenses exclusively associated with the notices of the Derivative Action Settlement shall be paid by Imperial.

15. Lead Counsel and the Settlement Administrator and their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes due and owing to be paid from the Escrow Account without further Order of the Court.

16. Class Members shall be bound by all applicable determinations and judgments in this Securities Class Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice, such that it is received no later than twenty-one (21) days prior to the Fairness Hearing. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion and that the sender requests to be excluded from the Class in the consolidated class action styled *Fuller v. Imperial Holdings, et al.*, Case No. 11-81184-CIV-MARRA (S.D. Fla.), and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Imperial securities either (i) pursuant and/or traceable to the

Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Any Class Member that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Qualified Settlement Fund as described in the Settlement Agreement and Notice.

18. Any Class Member who has not requested exclusion from the Class may appear at the Fairness Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered thereon; why the Settlement Class should not be certified; why the Plan of Allocation should not be approved; or why Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should not be granted, *provided, however,* that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Final Judgment to be entered approving the same, the proposed Plan of Allocation or the attorneys' fees and reimbursement of litigation expenses requested, unless no later than twenty-one (21) days prior to the Fairness Hearing, such Class Member has served by hand or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012) upon each of the following:

**Lead Counsel Designee:**

Lionel Z. Glancy, Esq.
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

**Defendants' Counsel Designee:**

Stanley H. Wakshlag
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL 33131

and has filed said objections, papers and briefs, showing due proof of service upon Lead Counsel and Imperial's Counsel, with the Clerk of the United States District Court for the Southern District of Florida, West Palm Beach Division, 701 Clematis Street, West Palm Beach, Florida 33401. Persons who intend to object to the Settlement, Plan of Allocation and/or Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.

19. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation or the attorneys' fees and reimbursement of litigation expenses requested.

20. All papers in support of the settlement, the Plan of Allocation, Lead Plaintiff's application for reimbursement of expenses, and the application for attorneys' fees or expenses,

8

shall be filed and served not later than thirty (30) days prior to the Fairness Hearing. Any papers in further support of the Settlement, the Plan of Allocation and the application for attorneys' fees or expenses, shall be filed and served no later than seven (7) days prior to the Fairness Hearing.

21. The Court expressly reserves the right to adjourn the Fairness Hearing, or any adjournment thereof, without any further notice to Class Members other than an announcement at the Fairness Hearing, or any adjournment thereof, and to approve the Settlement Agreement with modifications approved by the parties to the Settlement Agreement and without further notice to Class Members.

22. In order to be entitled to participate in the Settlement, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Settlement Agreement, each Class Member shall take the following actions and be subject to the following conditions:

    a. A properly executed Claim Form must be submitted to the Settlement Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred twenty (120) days from the date set for the mailing of Notice. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Claim Form is actually received prior to the motion for an order of the Court approving distribution of the Net Cash Settlement Amount. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

    b. The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by

9

adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip or such other documentation as is deemed adequate by Lead Counsel or the Settlement Administrator; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under the penalty of perjury.

    c. As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the Claim submitted and shall (subject to effectuation of the Settlement) release all Released Plaintiffs' Claims as provided in the Settlement Agreement.

23. The Defendants, Defendants' Counsel, and the Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

24. Neither the Settlement Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiffs of any lack of merit to the claims asserted in the Securities Class Action, or by the Defendants of the truth of any of the allegations in the Securities Class Action.

25. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any Claim or right of any person to participate in the distribution of the Net Cash Settlement Amount shall be under the authority of this Court.

26. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person that is not a Class Member or Lead Counsel shall have any right to any portion of or any rights in the distribution of the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

27. All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order of the Court.

28. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against any Releasees.

29. The Court retains exclusive jurisdiction over the Securities Class Action to consider all further matters arising out of or connected with the Settlement. *

ENTERED at West Palm Beach, Florida, this 4th day of August, 2013.

_____
KENNETH A. MARRA
United States District Judge

\* The motion for preliminary approval (DE 85) is granted. In light of this of preliminary approval, the motions at DE 14 and 85 are denied as moot. Should the final settlement not be approved, the parties may renew these motions.

11