UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARTIN FULLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>IMPERIAL HOLDINGS et al.,<br><br>Defendants. | No. 11-81184-CIV-MARRA<br><br>Hon. Kenneth A. Marra |

ORDER AND FINAL JUDGMENT

WHEREAS, on December 16, 2013, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Settlement Agreement") are fair, adequate and reasonable for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Releasees as defined in the Settlement Agreement and should be approved; (2) whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; (3) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and

reasonable method to allocate the settlement proceeds among the members of the Class; and (5) whether and in what amount to award counsel for Lead Plaintiffs and the Class fees and reimbursement of expenses.

WEHEREAS, by an order dated August 04, 2013, this Court, pursuant to Rules 23(a) and (b)(3) granted preliminary approval of the Settlement Agreement and preliminarily certified a class consisting of those individuals and entities who purchased or otherwise acquired Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or
(ii) on the open market on or prior to February 21, 2012. Excluded from the class are all named defendants and all individuals who were officers and directors of Imperial on or before June 30,2012, members of the immediate families of each, legal representatives, heirs, successors or assigns of each, and any entity in which any named defendant has or had a controlling interest. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Schedule 1 annexed hereto.

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise; and it appearing that a Notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012, except those persons or entities excluded from the definition of the Class, and that a Publication Notice of the hearing substantially in the form approved by the Court was published in

*Investor's Business Daily* and in the *Miami Herald* pursuant to the specifications of the Court; and the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

**NOW, THEREFORE, IT IS HEREBY ORDERED,** as follows:

1. For purposes of this Order, all capitalized terms used herein having the meanings as set forth and defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Securities Class Action, the Lead Plaintiffs, all other Class Members and the Defendants.

3. The Court hereby certifies the Action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of those individuals and entities who purchased or otherwise acquired Imperial securities either (i) pursuant and/or traceable to the Registration Statement issued in connection with Imperial's February 7, 2011 initial public offering or (ii) on the open market on or prior to February 21, 2012. Excluded from the class are all named defendants and all individuals who were officers and directors of Imperial on or before June 30, 2012, members of the immediate families of each, legal representatives, heirs, successors or assigns of each, and any entity in which any named defendant has or had a controlling interest. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Schedule 1 hereto.

4. The Court finds and concludes that for settlement purposes the prerequisites to class action certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil

Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Class they seek to represent; (d) Lead Plaintiffs and their counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the Class.

6. Pursuant to and in accordance with the requirements of Rule 23, the Settlement as set forth in the Settlement Agreement is approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the parties are directed to consummate the Settlement Agreement in accordance with its terms and provisions.

7. The distribution of Joint Notice of Proposed Class Action and Derivative Action Settlements, Application of Attorneys' Fees and Expenses, and Settlement Fairness Hearings ("Notice") and the publication of Summary Notice of Proposed Settlement of Class Action and Derivative Action and Settlement Hearings (the "Publication Notice") constituted the best notice practicable under the circumstances to all Class Members, and fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law.

8. The Complaint is hereby dismissed with prejudice and without costs, except as provided in the Settlement Agreement, against the Defendants, their past or present subsidiaries, parents, affiliates, partners, successors and predecessors, officers, directors, shareholders, insurers, reinsurers, agents, employees, attorneys, advisors, and investment advisors, auditors, accountants and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of the Defendants.  The following actions are hereby dismissed with prejudice: *Fuller v. Imperial Holdings, Inc. et al.*, Case No. 11-81184-CIV-MARRA (S.D. Fla.), *City of Roseville Employees Retirement System v. Imperial Holdings, Inc., et al.*, Case No. 11-cv-81300-MARRA (S.D. Fla.), *Pondick v. Imperial Holdings, Inc., et al.*, Case No. 11-cv-81347-KLR (S.D. Fla.), and *Sauer v. Imperial Holdings, Inc., et al.*, Case No. 11-cv-81282-KLR (S.D. Fla.).

9. The Court permanently bars and enjoins (i) all Class Members and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in the Securities Class Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or

5

order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Plaintiffs' Claim as to any Releasee, including any Claim that is based upon, arises out of, or relates to the Securities Class Action or the transactions and occurrences referred to in the Complaint, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action or other proceeding (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) on behalf of any Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or relates to any Released Plaintiffs' Claims, including any Claim that is based upon, arises out of, or relates to the Securities Class Action or the transactions and occurrences referred to in the Complaint.

10. In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Plaintiffs' Claim (i) by any person or entity against any of the Releasees and (ii) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (ii) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity for loss for which such person or entity and any Releasees are found to be jointly liable shall

6

be reduced by the greater of (i) an amount that corresponds to the Defendants' percentage of responsibility for the loss to the Class or Class Member or (ii) the Settlement Amount.

11. To effectuate the Settlement, the Court hereby enters the following Complete Bar:

    a. Any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this Complete Bar Order are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; provided however, that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Plaintiffs' Claim for which such person or entity and any of the Releasees

are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (ii) the Settlement Amount.

      b. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (i) any amounts any such Releasee has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

      c. Each and every Releasee is permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for

misrepresentation, where the Claim relates in any way to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations made in connection with, or directly or indirectly relating to, (*i*) the prosecution, defense, or settlement of the Securities Class Action, (*ii*) the Settlement Agreement, (*iii*) the Settlement terms and their implementation, (*iv*) the provision of notice in connection with the proposed Settlement, and/or (*v*) the resolution of any Claim Forms filed in connection with the Settlement.

        d. Notwithstanding anything stated in this Complete Bar Order, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (i) asserting a Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Complete Bar Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (a) such petitioner, (b) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (c) any person or entity that participated with any of the preceding persons or entities described in items (a) and (b) of this subparagraph 14(c) in connection with the assertion of the Claim brought against the Releasee(s); provided,

e. If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Plaintiffs' Claim.

f. Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in the Securities Class Action, except as limited by the Insurance Agreement.

12. Lead Plaintiffs and all other Class Members and all Releasors shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 111 of the Settlement Agreement.

13. Each and every Releasee shall be deemed to have hereby fully, finally, and forever released, relinquished, settled, and discharged all claims as specified in paragraph 112 of the Settlement Agreement.

14. Lead Counsel, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates, assigns, and any person or entity claiming by or through any of them, shall be deemed to have hereby fully, finally, and forever released,

relinquished, settled, and discharged all claims as specified in paragraph 113 of the Settlement Agreement.

15. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    a. offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that has been or could have been or could be asserted in the Securities Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Securities Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

    b. offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Lead Plaintiffs or the other members of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the other members of the Class;

    c. offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement Agreement, in any other civil, criminal or administrative action or proceeding, other than such

proceedings as may be necessary to effectuate the provisions of the Settlement Agreement;

 d. construed against the Defendants or the Lead Plaintiffs and the other members of the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and/or

 e. construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the other members of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Qualified Settlement Fund.

16. The Plan of Allocation is approved as fair and reasonable, and in the best interests of the Class, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions.

17. Counsel for Lead Plaintiffs are hereby awarded $3,600,000 as and for their attorneys' fees and 30 % of the two-million warrants to be issued by Imperial as part of the Settlement, which sum the Court finds to be fair and reasonable.

18. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Securities Class Action.

19. Counsel for Lead Plaintiffs are hereby awarded $203,252.80 in reimbursement of expenses, which sum the Court finds to be fair and reasonable. The

awarded fees and expenses shall be paid to Plaintiffs' Lead Counsel from the Qualified Settlement Fund with interest from the date such Qualified Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns.

20. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

21. The Court hereby awards Lead Plaintiff Richard Sauer reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class in the amount of $ _10,000.00_

22. The Court finds that during the course of this Securities Class Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

23. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

24. Approval of this Settlement Agreement is conditioned upon final approval of the Derivative Action Settlement and upon execution of the Insurance Agreement.

25. An appeal of the portion of this Order which awards attorneys' fees or expenses, shall have no effect whatsoever on the finality of any other portion of this Order and

Final Judgment or the Effective Date of the Settlement as provided in the Settlement Agreement. Class Members appealing this Order and Final Judgment or any portion thereof, must first timely intervene pursuant to the Federal Rules of Civil Procedure.

26. Lead Counsel may sell the two-million warrants issued by Imperial prior to distribution of the warrants to the Class, and distribute the sale proceeds directly to the Class in accordance with the percentage specified in Paragraph 17.

27. Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

28. The case is closed. All pending motions are denied as moot.

ENTERED at West Palm Beach, Florida, this 16th day of December, 2013.

KENNETH A. MARRA
United States District Judge

## Schedule 1

## List of Persons and Entities Excluded from the Class in

*Martin Fuller v. Imperial Holdings et al.,*
**Case No. 11-81184-CIV- MARRA**

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the November 25, 2013 deadline pursuant to the Court's Order dated August 4, 2013:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| NONE | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |